# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### (BOWLING GREEN)

*\*ELECTRONICALLY FILED\**

| | |
|---|---|
| **MALANA SNEED RAMIREZ,** | ) Civil Action No. 1:12-cv-205 |
| | ) |
| **Plaintiff,** | ) Judge Greg N. Stivers |
| | ) |
| **v.** | ) |
| | ) |
| **BOLSTER & JEFFRIES HEALTH CARE GROUP, LLC D/B/A HEARTHSTONE PLACE,** | ) ) ) ) |
| **Defendant.** | ) |

## DEFENDANT'S NOTICE OF RECEIPT AND MOTION TO STRIKE ERRATA SHEET

Defendant Bolster & Jeffries Health Care Group, LLC ("Defendant" or "Bolster & Jeffries") hereby gives notice that it recently received a deposition errata sheet from Stephanie Lyon and respectfully requests that the errata sheet be stricken from the record. Ms. Lyon's errata sheet is improper because she seeks to make substantive changes to her testimony that are not attributable to typographical or transcription errors.

A memorandum in support of this Motion is attached. A proposed order granting Bolster & Jeffries' Motion is being submitted in conjunction with this Motion.

Respectfully submitted,

*s/ Katharine C. Weber*
Katharine C. Weber (KBA 83370)
Jamie M. Goetz-Anderson (KBA 95842)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
E-mail: katharine.weber@jacksonlewis.com
jamie.goetz-anderson@jacksonlewis.com

*Counsel for Defendant*

2

## **MEMORANDUM IN SUPPORT**

Stephanie Lyon, a former employee of Bolster & Jeffries, was deposed in this matter on March 1, 2016. (A true and accurate copy of the transcript of Ms. Lyon's deposition is attached as Exhibit 1.) In April 2016, after receiving a transcript of the testimony, counsel for Bolster & Jeffries sent Ms. Lyon a copy of the transcript for her review. Ms. Lyon recently returned an errata sheet (which was not notarized) in which she purports to make several substantive changes to her deposition testimony that are not attributable to either typographical or transcription errors. (A true and accurate copy of Ms. Lyon's errata sheet is attached as Exhibit 2.) Rather, Ms. Lyon seeks in the errata sheet to make after-the-fact, substantive changes to her deposition testimony. Ms. Lyon's deposition was not a take home test, and the revisions to her sworn testimony that she has proposed are improper. The errata sheet must be stricken.

Pursuant to Rule 30(e), a deponent has the opportunity to review the transcript of her deposition for any errors. *See* Fed. R. Civ. P. 30(e). The law in the Sixth Circuit is clear that a deposition errata sheet, however, may be used to correct *transcription or typographical errors only*, and may not be used to make other substantive changes to a witness's testimony. As the Sixth Circuit recently explained:

> ***Rule 30(e) does not allow one to alter what was said under oath.*** If that were the case, one could merely answer the questions with no thought at all, then return home and plan artful responses. Depositions differ from interrogatories in that regard. ***A deposition is not a take home examination.***

*Trout v. FirstEnergy Generation Corp.,* 339 Fed. Appx. 560 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, 2008 U.S. Dist. Lexis 12307 (S.D. Ohio Feb. 7, 2008) (emphasis added). *See also A.C. Shelby County Bd. of Educ.*, 711 F.3d 687 (6th Cir. 2013) (a party cannot create or extinguish a question of fact on summary judgment "simply by filing an errata sheet and affidavit to counteract the effect of previous deposition testimony.").

3

Federal district courts in Kentucky and throughout the circuit routinely strike deposition errata sheets that purport to make changes beyond correcting typographical or transcription errors. *See, e.g., Johnson Family Louisville, LLC v. Kentuckiana Yacht Sales, Inc.,* 2008 U.S. Dist. Lexis 43107 (W.D. Ky. May 29, 2008) (granting motion to strike deposition errata sheets to the extent that the deponents attempted to correct substantive errors in their deposition testimony and explaining that "substantive changes that are not attributable to reporter error are not permissible errata-deposition testimony."); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC,* 2014 U.S. Dist. Lexis 59689 (E.D. Ky. Apr. 30, 2014) (striking errata sheet where the errata sheet "does much more than attempt to correct typographical errors. It substantively changes answers that were provided at [the deponent's] deposition."); *Giebel v. Lavalley,* 2013 U.S. Dist. Lexis 181887 (N.D. Ohio Dec. 31, 2013) (granting motion to strike errata sheet where the deponent proposed changes for reasons including "clarification," "information recalled after the deposition," "to correct a misstatement," and "to correct grammar," and explaining that "[t]his 'take home test' approach is simply not proper in the Sixth Circuit. It is irrelevant whether the additional testimony is consistent or inconsistent with prior testimony: the only acceptable changes are those that correct either typographical or transcription errors."); *Mullins v. Cyranek,* 2014 U.S. Dist. Lexis 98734 (S.D. Ohio July 21, 2014) (striking portions of errata sheet that "add and change details that were not provided in the original deposition testimony, or change the meaning of the testimony provided," and holding that "[s]uch alterations are impermissible.").

Here, Ms. Lyon seeks to make five changes to her deposition testimony in her errata sheet. (*See* Exhibit 2.) Ms. Lyon does not attribute any of these changes to typographical or transcription errors, nor could she. In comparing Ms. Lyon's deposition testimony with her

4

errata sheet, it is clear that she merely seeks to change the substance of her deposition testimony after the fact. (*See id.*) For example, Ms. Lyon repeatedly testified that she offered Plaintiff the option of two different positions/shifts upon Plaintiff's return from maternity leave:

> Q: You offered her two different positions? Did you offer her two positions? Is that correct? The Baylor shift, she could come back as a Baylor, or she could come back at her position she had before?
>
> A: I believe so.

(*See* Exhibit 1, p. 32.)

> Q: It's, also, my understanding that you told her that she had the op – two schedules, she could work either the three twelve-hour shifts a week, which is what she had previously worked, or she could work a Baylor shift. Is that correct?
>
> A: Yes, ma'am.
>
> Q: And did Malana choose the Baylor shift?
>
> A: I don't remember, but I think so.
>
> Q: Okay. You didn't force her to take the Baylor shift?
>
> A: No. No, no, no. It was her choice.

(*See id.* p. 43.)

In her errata sheet, Ms. Lyon now seeks to change her testimony to indicate that she only offered Plaintiff the Baylor shift.[1] (*See* Exhibit 2.) This is a meaningful, substantive change – that obviously is not the result of a transcription or typographical error. Likewise, Ms. Lyon testified unequivocally that the Baylor shift was considered full-time:

> Q: Was she offered full-time position?
>
> A: Yes.
>
> Q: Okay. And –
>
> A: Because Baylor would've been full-time, so.
>
> Q: Okay. And so she got a full-time position when she came back.

(*See* Exhibit 1, p. 32.)

---

[1] Curiously, Ms. Lyon only seeks to change her testimony on this topic with respect to one of the above-reference quotes, but not the other. (*See* Exhibit 2.)

Ms. Lyon now seeks to completely reverse this sworn testimony in her errata sheet. (*See* Exhibit 2 (identifying her "correction" for the above-referenced testimony as "Baylor weekends is not full-time but part-time").)

All of the changes that Ms. Lyon seeks to make in her errata sheet are substantive revisions that are not attributable to typographical or transcription errors. Ms. Lyon is not permitted to make such changes via an errata sheet. *See supra.* Accordingly, her errata sheet must be stricken.

Respectfully submitted,

*s/ Katharine C. Weber*_____
Katharine C. Weber (KBA 83370)
Jamie M. Goetz-Anderson (KBA 95842)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone:  (513) 898-0050
Facsimile:  (513) 898-0051
E-mail: katharine.weber@jacksonlewis.com
jamie.goetz-anderson@jacksonlewis.com

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed on June 2, 2016, with the Court's CM/EFS system and such system will send electronic notice to counsel of record.

*/s/ Katharine C. Weber*_____
Katharine C. Weber

4822-3678-8274, v. 1