UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12CV-00205-GNS

RICARDO RAMIREZ and
KIM WADE, Co-Personal Representatives
of the Estate of Malana Sneed Ramirez                                    PLAINTIFFS

VS.

BOLSTER & JEFFRIES HEALTH
CARE GROUP, LLC, d/b/a
Hearthstone Place                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of the Defendant to strike the errata sheet related to the deposition transcript of witness Stephanie Lyon (DN 110). The Plaintiff has filed a response (DN 118), and the Defendant has replied (DN 122). The matter stands submitted to the undersigned for ruling.

On March 1, 2016 the parties conducted the deposition of Ms. Lyon, a former employee of the Defendant. Thereafter, Defendant provided a copy of the deposition transcript to Ms. Lyon for review. Ms. Lyon returned an errata sheet making changes to various answers given during the deposition. Defendant contends the changes are beyond the scope of revisions to testimony permitted under Fed. R. Civ. P. 30(e).

### Testimony and Errata Designations in Question

The testimony and Ms. Lyon's errata corrections to her testimony are as follows:

> Q. Okay. And then there was another one that I'm curious if this
> was your signature, as well, and if you added in the second part.

> A. That's my signature, but I didn't write that (indicating).
>
> Q. Okay. So that was added in?
>
> A. That's my writing (indicating). That's not my writing (indicating).

(DN 110-1, Lyon Deposition Transcript p. 20, ln. 9-17). By contrast, on the errata sheet, for page 20 at lines 16-17, Ms. Lyon corrected: *"That's not my hand writing – for exhibit one."* (DN 110-2 p. 1).

Next, the question and Ms. Lyon's response during the deposition read as follows:

> Q. You offered her two different positions? Did you offer her two positions? Is that correct? The Baylor shift, she could come back as a Baylor, or she could come back at her position she had before?
>
> A. I believe so.

(DN 110-1 p. 32, ln. 4-8). On the errata sheet for page 32 at lines 4-8, Ms. Lyon corrected: *"I was confused on this question. After looking at the notes I made [sic] conversation with Malan (sic) I only offered her 7a[sic]-7pm Saturday-Sund [sic] which was 23hrs Baylor shift."* (DN 110-2 p. 1).

The transcript of Ms. Lyon's deposition, in relevant part reads:

> Q. Was she offered full-time position?
>
> A. Yes.
>
> Q. Okay. And –
>
> A. Because Baylor wouldn't have been full-time, so.
>
> Q. Okay. And so she got a full-time position when she came back.

(DN 110-1 p. 32, ln. 9-14). By contrast, on the errata sheet for page 32 at lines 9-14, Ms. Lyon corrected: *"Baylor weekends is not full-time but part time."* (DN 110-2 p. 1).

2

The deposition question and Ms. Lyon's testimony in response reads:

> Q. Is this the document that you stated you were given advice on what to put?
>
> A. Yes, that's my handwriting."

(DN 110-1 p. 33, ln. 25-p. 34, ln. 3). On the errata sheet for page 34[1] at line 3, Ms. Lyon corrected: *"Upon closer inspection of exhibit 3 this is not my handwriting or signature. The writing looks the same as 'willful' misconduct related to established policys! [sic] that I said was not my handwriting from exhibit 1 and 4."* (DN 110-2 p. 1).

Next, the deposition transcript reads:

> Q. "Okay. I understand that. On this – this is another document that was submitted, and it's along the same line of what I showed you earlier, but it is a different one, and I'm going to ask you if you put that information at the bottom?
>
> A. It just don't look like my handwriting. That's mine (indicating) and that's my name."

(DN 110-1 p. 36, ln. 21-p. 37, ln. 3). By contrast, on the errata sheet for page 37 at lines 2-3, Ms. Lyon corrected: *"I don't look look [sic] my handwriting, that's mine (indicating) and that's my signature. For exhibit 4."* (DN 110-2 p. 2).

### The Parties' Arguments For and Against Striking the Errata Changes

Defendant notes that Rule 30(e) provides a deponent the opportunity to review a transcript for errors. Defendant argues that the law in the Sixth Circuit makes clear that a deposition errata sheet is only to correct transcription or typographical errors and may not be used to make substantive changes to the testimony (DN 110 Memorandum p. 3-4). In support of

---

[1] Ms. Lyon's errata sheet indicates the correction is for line 3 on page 33, however line 3 on page 33 is a question, not Ms. Lyon's answer, and appears unrelated to the issue addressed in the errata entry. From context, it appears Ms. Lyon's designation of page 33 was an error and she intended to address her answer at line 3 on page 34.

3

its motion, Defendant cites a number of opinions from the Sixth Circuit and district courts within the circuit (DN 110 Memorandum p. 3-4).

In response, the Plaintiff does not cite any cases in opposition, and concedes that "[r]ecent 6th Circuit cases has (*sic*) limited changes in Errata Sheet to typographical or transcription errors" (DN 118 p. 2). Plaintiff attempts to distinguish those cases on the basis that they involved changes made by a party and not by an uninterested non-party witness such as Ms. Lyon. Moreover, Plaintiff justifies the changes as an effort by Ms. Lyon to "set the record straight" (DN 118 p. 2).

The Defendant notes in reply that neither case law nor Rule 30(e) make any distinction between party and non-party witnesses regarding changes to deposition testimony (DN 122). As to "setting the record straight," Defendant argues that this is precisely the sort of "take home test" approach to deposition testimony which the case law forbids (DN 122 p. 2).

Analysis

As the Eastern District of Kentucky has observed:

> In a recent unpublished opinion, the Sixth Circuit indicated that Rule 30(e) does not allow a deponent to alter what was said under oath. Trout v. FirstEnergy Generation Corp., 339 F. App'x 560, 565 (6th Cir. 2009) (citing Tuttle v. Tyco Electronics Installation Servs., Inc., 2:06-CV-581, 2008 U.S. Dist. LEXIS 12307, 2008 WL 343178 (S.D. Ohio Feb. 7, 2008)). The court went on to state that, if Rule 30(e) allowed for substantive changes, "'one could merely answer the questions with no thought at all[ ], then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.'" Id. Courts applying the holding in Trout have stricken errata sheets that attempt to alter substantive testimony rather than correct typographic or transcription errors. See CNB Bancshares, Inc. v. StoneCastle Secs. LLC, No. 3:09-CV-33, 2012 U.S. Dist. LEXIS 97541, 2012 WL 2887256, at *3 (E.D. Tenn. July 13, 2012); EEOC v. Skanska USA Building, Inc., 278 F.R.D.

4

> 407, 412 (W.D. Tenn. 2012); Walker v. 9912 East Grand River Assocs., LP, No. 11-12085, 2012 U.S. Dist. LEXIS 46887, 2012 WL 1110005, at *3-4 (E.D. Mich. Apr. 3, 2012); Giebel v. Lavalley, 5:12-CV-750, 2013 U.S. Dist. LEXIS 181887, 2013 WL 6903784 (N.D. Ohio Dec. 31, 2013). And other courts outside the circuit have recognized that the Sixth Circuit is the "[o]ne court of appeals [that] permits a defendant to correct only typographic and transcription errors." Devon Energy Corp. v. Westacott, 09-1689, 2011 U.S. Dist. LEXIS 30786, 2011 WL 1157334 (S.D. Tex. Mar. 24, 2011)."

James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC, No. 5:11-374-DCR, 2014 U.S. Dist. LEXIS 59689, *10-11 (E.D. Ky. April 30, 2014).

This is not to say that there is complete agreement among district courts within the Sixth Circuit that an errata sheet may not be used for substantive changes to testimony. *See, e.g.* Jermano v. Graco Children's Products, Inc., No. 13-cv-10610, 2015 U.S. Dist. LEXIS 50377, *5-6 (E.D. Mich. Apr. 16, 2015) (Observing that language in Carter v. Ford Motor Co., 561 F.3d 562, 568 (6th Cir. 2009) suggests that a party might be permitted to make substantive changes via errata sheet). Even in Kentucky, the prohibition against substantive changes to the testimony by errata sheet has not always held sway. *See* Hodak v. Madison Capital Mgmt., LLC, No. 5:07-cv-05-JMH, 2008 U.S. Dist. LEXIS 49493, *6-9 (E.D. Ky. June 25, 2008), *objection overruled* No. 5:07-cv-05-JMH, 2008 U.S. Dist. LEXIS 63151 (E.D. Ky. Aug. 19, 2008).

However, as the Eastern District of Kentucky did in Scatuorchio, the majority of recent decisions within the Sixth Circuit consistently interpret Trout as establishing a rule that an errata sheet may not be used for substantive changes to testimony. *See* McClendon v. Hightowers Petroleum Co., No. 1:14-cv-00619, 2016 U.S. Dist. LEXIS 64248, *3-7 (S.D. Ohio May 16, 2016); Jeffries v. Emerson Indus. Automation, No. 14-cv-2430-SHL-tmp, 2015 U.S. Dist. LEXIS 178980, *2-3 (W.D. Tenn. Aug. 6, 2015); Jones-McNamara v. Holzer Health Sys., Inc., No. 2:13-cv-616, 2015 U.S. Dist. LEXIS 4349, *5-7 (S.D. Ohio Jan. 14, 2015); Dentsply Int'l,

Inc. v. Tulsa Dental Prod., LLC, No. 2:14-CV-196, 2014 U.S.Dist. LEXIS 181352, *4-5 (E.D. Tenn. Nov. 18, 2014); Mullins v. Cyranek, No. 1:12CV384, 2014 U.S. Dist. LEXIS 98734, *4-6 (S.D. Ohio July 21, 2014); Clare v. Chrysler Grp., LLC, No. 13-11225, 2014 U.S. Dist. LEXIS 75873, *3-5 (E.D. Mich. June 4, 2014); Taylor v. West Tenn. State Penitentiary, No. 2:11-cv-02843-cgc, 2014 U.S. Dist. LEXIS 67878, *3-6 (W.D. Tenn. May 16, 2014).

This approach is appropriately pragmatic. The purpose of a discovery deposition is to memorialize the testimony of a witness and thus fix the testimony which can be anticipated at trial. To permit a witness to answer questions during a deposition and thereafter *ex post facto* make material changes to that testimony deprives the parties the opportunity to further question or challenge the witnesses' testimony and defeats the purpose of the discovery deposition process. Ms. Lyon's changes to the testimony clearly do not relate to typographical or transcription errors and go to the substance of her testimony. To the extent she wishes to "set the record straight," she can do so at trial by explaining that her deposition testimony was in error or mistaken, but she cannot change that testimony by way of the errata sheet.

**IT IS HEREBY ORDERED** that Defendants' motion to strike the errata sheet appended to the deposition transcript of Stephanie Lyon (DN 110) is **GRANTED.**

Copies to:     Counsel of Record